UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAKHTIARI CORPORATION, et. al., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> REGISTER TAPES UNLIMITED INC., et. al. ) <br> ) <br> Defendants. ) <br> ) | Case No.: 12-5183 LHK (PSG) <br><br> **ORDER GRANTING-IN-PART MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE** <br><br> **(Re: Docket No. 15)** |

Plaintiff Bakhtiari Corporation, et. al. ("Bakhtiari") moves to compel further responses to their first set of requests for productions ("RFPs"). Defendant Register Tapes Unlimited, Inc., et. al. ("RTU") opposes. On May 7, 2013, the parties appeared for hearing. Having considered the arguments of counsel, the court GRANTS-IN-PART Bakhtiari's motion to compel. The court sets forth its specific rulings and reasoning below.

The parties are familiar with the factual background, and so the court provides only a brief account of the facts relevant to the instant motion.

A division of RTU known as "Cartvertising" contracts with grocery store chains in California to place advertisements on their grocery carts. Cartvertising then sells the advertising to local businesses. Cartvertising often uses third-party contractors to install the advertisements in stores.

1

Case No.: C 12-5183 LHK (PSG)
ORDER

Bakhtiari is an automobile dealership sales group. RTU approached Bakhtiari to purchase grocery store shopping cart advertising through Cartvertising. RTU allegedly represented to Bakhtiari that it would have exclusive advertising in any store chosen, and that shopping cart advertising generally increased average sales of the marketed product by 12.6%. Bakhtiari agreed to purchase advertising from RTU in a number of stores in the general geographic area of the automobile dealerships.

Bakhtiari eventually became dissatisfied with the results, alleging RTU did not install purchased advertising in a reasonable and timely fashion, did not actually install advertising in the stores chosen by Bakhtiari, and did not provide exclusive coverage in the stores where advertising was placed. Bakhtiari sued RTU for breach of contract, fraud, negligent misrepresentation, and restitution based on unjust enrichment.[1]

On September 24, 2012, Bakhtiari served its first set of RFPs. On November 26, 2012, RTU served its responses. The parties met and conferred regarding the adequacy of the responses well into December 2012. Bakhtiari then decided to try to obtain certain requested documents by subpoenaing the installers hired by RTU instead. Of the four installers, only one has forwarded documents through RTU, one has passed away, one stated he lost his computer records associated with the proceeding, and one has not responded at all. Bakhtiari now seeks to compel further responses to the first set of RFPs.

As a preliminary matter, the court notes that RTU asserted attorney-client privilege and the work-product doctrine in response to several RFPs, including several that do not appear to be related to documents or communications involving an attorney. Although RTU has since acknowledged that the attorney-client privilege only applies to communications between an attorney and his client, RTU should take care not to overclaim these privileges and adhere to

---

[1] *See* Docket No. 1.

Federal Rules of Evidence 502, which defines "attorney-client privilege" as pertaining to "confidential attorney-client communications," and "work-product" as "tangible material (or its intangible equivalent) prepared in anticipation of litigation for trial." If RTU claims privilege, it must provide a privilege log documenting which documents are withheld and describing "the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[2]

In general, Bakhtiari argues that relevant documents have not yet been produced, while RTU counters that it has provided all responsive documents in its possession, excluding certain privileged or irrelevant documents. The court cannot compel documents that RTU does not have. However, if RTU maintains that it does not have further responsive documents for any of the categories of documents, it shall verify that it has conducted a diligent search and is unable to locate further responsive documents as defined in this order. The court further elaborates on each category of documents below.[3]

**A. RFPs 5-8: Attachments and exhibits to the contract between RTU and Plaintiffs**

RTU maintains that all responsive documents have been produced, so it shall verify that this is true.

---

[2] Fed. Civ. R. P. 26(b)(5)(A)(ii).

[3] The court considers only the RFPs specifically discussed in the briefs. Although Bakhtiari asserts that RTU promised to produce the remaining RFPs, and should be held to that promise, the court does not have the necessary information to determine if RTU has complied or if the RFPs are proper. These RFPs therefore will not be considered in the instant motion. Nevertheless, RTU should respond to these RFPs with diligence and the parties are encouraged to cooperate in coordinating the production.

3

Case No.: C 12-5183 LHK (PSG)
ORDER

### B. RFPs 29-36: Reports from agents charged with installing advertising on behalf of Plaintiffs; RFPs 76-79: Any signed installation reports showing where advertising was placed and percentages installed

RTU states it has produced spreadsheets, installation photographs, and billing information in its possession related to the installation of advertising.  RTU argues it has no further reports or documentation from the installation agents, and that Bakhtiari should obtain any additional documents from the third parties themselves.  Although Bakhtiari has previously attempted to subpoena the third party agents, the subpoenas were less than successful, and in any event Bakhtiari is entitled to obtain the same documentation from RTU if available.  RTU therefore shall produce any documents in its possession of the installation agents documenting their installation of advertising related to this dispute.  If RTU has produced all documents received from the agents relating to the installations in question, it shall verify as much.

### C. RFPs 49: Any advertising to prospective third-party customers between June 2010 and February 2011

As RTU points out, this request is overbroad as RTU runs a nation-wide business with other forms of advertising, including its main business of selling print advertising on the back of grocery store register tapes.  Accordingly, RTU's production in response to this request may be limited to advertisements for grocery cart advertising in California only.

### D. RFPs 50-51: Michael Rush's personnel file, and any and all emails, letters, correspondence, or materials between RTU and Rush

The parties agree that Michael Rush ("Rush") was the salesman who actually conducted negotiations with Bakhtiari and closed the sales transactions on the advertising contract at issue here. Bakhtiari argues that this information may be used to show RTU's ratification of Rush's acts and behavior.  The court agrees, but only in part.  Although RTU objects that it has no personnel file for Rush because he is not an employee, it shall produce documents whether in such a file or not evidencing the relationship, or verify that no such documents exist.

4

Case No.: C 12-5183 LHK (PSG)
ORDER

**E. RFPs 52-54, 59: Employee handbooks, training manuals, or instructional material provided to employees charged with advertising sales, installation of advertising, or Order and Entry and Deal Processing Procedures**

These documents are relevant because they are direct evidence of the instructions given to installing agents and the practice of those agents.  RTU argues the request is overbroad because there are no limitations as to scope.  RTU is correct.  Therefore, the scope shall be limited to grocery cart advertising in California only.

**F. RFP 80: Contracts, reports, correspondence, installation reports, and documents between RTU and any other third-party car dealership relating to grocery cart advertising services sold between September 2010 and February 2011**

Documents of this nature relating to the stores that Bakhtiari contracted for would certainly be relevant, but documents regarding other stores would not.   The court finds it appropriate to limit this request to the stores covered by the contract between Bakhtiari and RTU only.

**G. RFPs 82-83: Better Business Bureau rating and communications between RTU and Better Business Bureau; RFP 84: All emails or correspondence with third parties regarding RTU's failure to comply with contracts for grocery cart advertising**

This information is relevant to the issue of RTU's knowledge of complaints regarding similar claims of not adhering to contracts for grocery cart advertising, which Bakhtiari plans to use to rebut RTU's claim of a "good faith mistake."  The documents shall be produced.

**H. RFPs 85-86: Profits and loss and supporting documents of Cartvertising for fiscal year 2010**

This is relevant to the issue of punitive damages, which Bakhtiari seeks in its complaint, so it must be produced.  The attorney-client privilege and work-product doctrine claimed by RTU do not apply.

**I. RFPs 87-90: Any documents establishing advertising was sold to other third parties at the same time and location as for Plaintiffs**

These documents are relevant to the issue of RTU's alleged breach of contract.  The attorney-client privilege and work-product doctrine claimed by RTU do not apply.

5

Case No.: C 12-5183 LHK (PSG)
ORDER

### J. RFP 92: Document Retention Policy for 2011

There is good cause to compel production of RTU's 2011 document retention policy because of RTU's alleged failure to locate several sets of documents, which is the subject of the instant motion to compel. The attorney-client privilege and/or work-product doctrine claimed by RTU do not apply.

### K. RFPs 104-106: Documents showing all ownership interests in RTU, Avenue Advertising, and Cartvertising

Bakhtiari has sued RTU, a corporation, and Avenue Advertising dba Cartvertising, which it alleges is a wholly-owned subsidiary of RTU. No individuals have been named. The fact that RTU is sued as a corporation ordinarily shields its shareholders from liability, and so the ownership interests are ordinarily irrelevant. Bakhtiari alleges no theory in its complaint as to why individual owners would be liable. Although Bakhtiari now argues that the owners may have acted fraudulently on behalf of the corporation, Bakhtiari's unsupported speculation that shareholders not named in the suit may also be individually liable as agents is not enough to expose the identity of all shareholders of the corporation.

RTU shall comply with this order no later than June 7, 2013.

**IT IS SO ORDERED.**

Dated: May 22, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

6

Case No.: C 12-5183 LHK (PSG)
ORDER