**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BAKHTIARI CORPORATION, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> REGISTER TAPES UNLIMITED, INC., et al, <br><br>  Defendants. <br><br>――――――――――――――――――― <br> RTU, LP DOING BUSINESS AS CARTVERTISING, <br><br>  Counterclaimants, <br><br> v. <br><br> BAKHTIARI CORPORATION, BAKHTIARI L.L.C., YORK ENTERPRISES SOUTH, INC., <br><br>  Counter-defendants. | Case No.: 5:12-cv-05183-LHK (PSG) <br><br> **ORDER GRANTING MOTIONS TO COMPEL** <br><br> **(Re: Docket Nos. 43, 47)** |

The case arises from a contract dispute between Bakhtiari Corporation, a group of car dealerships, and Register Tapes Unlimited (aka "Cartvertising"), a company that sells advertising on grocery carts. Bakhtiari claims that Cartvertising failed to deliver the advertising space Bakhtiari purchased, and in fact, that Cartvertising never intended to deliver the space. Last summer, the court ruled on numerous discovery disputes between the parties. Bakhtiari brings the present motions because Cartvertising has failed to fully comply with the court's order.

1. **Docket No. 43: Motion to Compel Documents Relating to Michael Rush**

Bakhtiari's first motion seeks to compel the production of documentation stemming from an investigation conducted by Cartvertising into the conduct of Michael Rush, the salesman who brokered the contracts in dispute. In a previous order, this court ordered the production of "documents whether in [a personnel file] or not evidencing the relationship [between Rush and Cartvertising], or verify that no such documents exist."[1] In response, Cartvertising produced two documents.[2] Months later, Bakhtiari became aware that several more documents exist.[3] When asked to produce these documents, Cartvertising claimed that they were not produced originally because they were not in Rush's "Independent Contractor" file, and therefore fell outside the scope of the original request.[4] Furthermore, they argue that because the information sought is relevant only to impeachment, it is not ripe for discovery at this time.[5]

Cartvertising's arguments directly conflict with rulings that this court has already issued. However the requests for production may have originally been phrased, this court ordered the production of the documentation regarding the relationship between Rush and Cartvertising; documentation of an investigation conducted by Cartvertising into the conduct of Mr. Rush clearly

---

[1] *See* Docket No. 30, at 4.

[2] *See* Docket No. 43, at 3.

[3] *See id.*, at 4.

[4] *See* Docket No. 46, at 6.

[5] *See id.*

2

Case No.: 5:12-cv-05183-LHK (PSG)
ORDER GRANTING MOTIONS TO COMPEL

falls within the scope of this order. In issuing its earlier orders regarding this documentation, the court held specifically that any assertions of privilege were inappropriate.[6]

Cartvertising represents in its brief that it is now willing to produce the documents.[7] In any event, Cartvertising shall produce the documents in question, as well as *any and all other documents* in its custody or control relating to its relationship with Michael Rush.

2. **Docket No. 47: Motion to Compel Production of Financial Information and Contracts**

Bakhtiari's second motion seeks the production of two different sets of documents. First, Bakhtiari wants access to any documentation regarding Cartvertising's profits and losses from 2009-2012, and second, it wants to review Cartvertising's contracts with major grocers. Cartvertising objects to both of these requests as overbroad, privileged, irrelevant, and premature.[8]

The federal rules set a broad standard for discovery, one which the Supreme Court has construed to include "any matter that bears on or that reasonably could lead to another matter that could bear on, any issue that is or maybe in the case."[9] The court has previously ruled that Cartvertising's profits and losses are relevant to the issue of punitive damages, and on that basis, it required the production of profit and loss statements from 2010.[10] Those documents raised new concerns for Bakhtiari, and in order to resolve those concerns, it wants to look into the years around 2010.[11] Given the acknowledged relevance of Cartvertising's financial health and the targeted nature of the request, the court finds that this additional discovery is warranted.[12]

---

[6] *See* Docket No. 30, at 4.

[7] *See* Docket No. 46, at 6.

[8] *See* Docket No. 49; *see also* Docket No. 55, at 4-8.

[9] *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

[10] *See* Docket No. 30, at 5.

[11] *See* Docket No. 47, at 3.

[12] The court has already ruled that Cartvertising's financial statements are not protected by the attorney-client or work product privilege, and indeed cautioned Cartvertising against over assertion of these privileges. *See* Docket No. 30, at 2-3. The court has also already ruled that production of financial data is not premature at this stage. *See* Docket No. 33, at 2.

3

Case No.: 5:12-cv-05183-LHK (PSG)
ORDER GRANTING MOTIONS TO COMPEL

As for the contracts between Cartvertising and the grocery stores, Cartvertising itself put those documents at issue. It asserts that under the contracts, the stores retain a large portion of the cart advertising space, such that it was unable to meet the terms of its contracts with Bakhtiari.[13] Bakhtiari now wants to verify the authenticity of this claim.[14] It is well-established Ninth Circuit law that when a party puts a document at issue, he may be compelled to produce it, even if it would otherwise be subject to the attorney-client privilege.[15] It would belie all notions of fairness to allow Cartvertising to assert a contractual claim as a defense in this action, but deny Bakhtiari the opportunity to vet that claim. Cartvertising shall therefore produce the contracts requested.[16]

No later than December 27, 2013, Cartvertising shall produce any and all other documents in its custody or control relating to its relationship with Michael Rush, any documentation related to its profits and losses from 2009-2012, and its 2010 and 2011 contracts with Safeway, Von's, and Ralph's grocery stores.

**IT IS SO ORDERED.**

Date: December 20, 2013

Paul S. Grewal
United States Magistrate Judge

---

[13] *See* Docket No. 47, at 5.

[14] *See id.*

[15] *See United States v. Amlani*, 169 F.3d at 1195 (*citing Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)).

[16] If Cartvertising is concerned about the misuse of its confidential information outside of this litigation, the court is willing to entertain a motion for a protective order to govern its use.

Case No.: 5:12-cv-05183-LHK (PSG)
ORDER GRANTING MOTIONS TO COMPEL